IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 1 2014

CLERK, U.S. DISTRICT COURT
By _____
               Deputy

| | | |
|---|---|---|
| HALEY HUTCHINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-631-A |
| | § | |
| OFFICER D. MILLIGAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion for
summary judgment filed in the above action by defendants, Officer
D. Milligan ("Milligan") and City of Arlington ("City").
Plaintiff, Haley Hutchinson, filed a response.  Having now
considered all of the parties' filings, the entire summary
judgment record, and the applicable legal authorities, the court
concludes that the motion for summary judgment should be granted
as to City, but denied as to Milligan.

I.

Plaintiff's Claims

Plaintiff initiated this action in July 2013, by filing her
original petition in the District Court of Tarrant County, Texas,
153rd Judicial District.  Defendants removed the action to this
court on August 6, 2013, on the basis of a federal question

asserted in the petition.  Upon the court's order, plaintiff filed an amended complaint,[1] wherein she asserted claims against Milligan under 42 U.S.C. § 1983 for use of excessive force in violation of her Fourth and Fourteenth Amendment rights, and against City under the Texas Tort Claims Act ("TTCA") and under 42 U.S.C. § 1983 for malicious prosecution.

II.

**Grounds of Defendants' Motion and the
Nature of Plaintiff's Response**

A.   Defendants' Motion

Milligan moves for summary judgment on the basis of qualified immunity, arguing that plaintiff cannot show his actions violated a clearly established constitutional or statutory right, and that no reasonable police officer, with the same information Milligan possessed, could have believed Milligan's actions were unlawful.

City contends that summary judgment is warranted on plaintiff's claim under the TTCA because she cannot show that City has waived its immunity under the "condition or use of personal property" provision of that statute.  As to plaintiff's malicious prosecution claim, City argues in favor of summary

---

[1]The amended complaint was titled "Complainant's First Amended Original Petition."  The court in this memorandum opinion and order will refer to the document as the amended complaint.

2

judgment on the grounds that plaintiff has failed to plead or
prove any custom or policy to support a claim against it pursuant
to 42 U.S.C. § 1983; no freestanding malicious prosecution claim
is available under § 1983; plaintiff has alleged no facts to
support a claim of malicious prosecution; and, to the extent
plaintiff is asserting a state law claim, malicious prosecution
is a tort for which the TTCA provides no waiver of immunity.

B.   Plaintiff's Response

As to Milligan, plaintiff argues that he had no reason to
suspect plaintiff posed any threat of serious bodily injury to
him or anyone else that could have justified his actions towards
plaintiff.  Also, plaintiff argues that Milligan used excessive
force in violation of City's police department policies in a
situation where such force was unnecessary.

Plaintiff contends that the handcuffs used by Milligan were
a proximate cause of her injuries, thus constituting a "use of
property" that waives City's immunity under the TTCA.  Regarding
City's malicious prosecution arguments, plaintiff maintains that
the criminal prosecution initiated against her by City was later
resolved in her favor by dismissal of two of the charges filed as
a result of events occurring the night of her arrest.

III.

Facts

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

On July 11, 2011,[2] Milligan, who is a police officer employed by City, arrested plaintiff for public intoxication while she was outside of a bar in City.  At the time of her arrest, plaintiff was extremely intoxicated and unruly.  Milligan handcuffed plaintiff while she was still outside the bar, placed her in the back of his patrol car, and drove her to the jail.  At the jail, Milligan escorted plaintiff, still with her hands cuffed behind her back, through the garage area towards the jail entrance.  While waiting for the doors to the jail to open, plaintiff spit in Milligan's face.  Milligan immediately grabbed plaintiff by the back of the head and took her to the ground, where her face hit the concrete floor.  The impact caused plaintiff's mouth to bleed and a tooth to come out.

Plaintiff was later charged with one count of public

---

[2]Milligan's declaration gives the date of the incident as July 13, 2011; however, the official police report, as well as other evidence in the record, reflects that the date was July 11, 2011.  The discrepancy in the dates is immaterial to the court's resolution of defendants' motion.

4

intoxication and three counts of harassment of a public servant.[3]
Plaintiff pleaded no contest to the public intoxication charge
and to one charge of harassment of a public servant, for which
she received "probation." Br. in Supp. of Milligan's and City's
Mot. for Summ. J. at 3. The Tarrant County District Attorney
dismissed the remaining harassment charges.

IV.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides
that the court shall grant summary judgment on a claim or defense
if there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law. Fed. R. Civ.
P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247
(1986). The movant bears the initial burden of pointing out to
the court that there is no genuine dispute as to any material
fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case

---

[3]One charge of harassment of a public servant was based on plaintiff spitting on Milligan. The
additional two charges of harassment of a public servant arose after plaintiff allegedly spit on two
additional officers at the jail following the incident described above.

necessarily renders all other facts immaterial." <u>Id.</u> at 323.
Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . ."). If the evidence identified could not lead
a rational trier of fact to find in favor of the nonmoving party
as to each essential element of the nonmoving party's case, there
is no genuine dispute for trial and summary judgment is
appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,
475 U.S. 574, 587, 597 (1986).

    The standard for granting a motion for summary judgment is
the same as the standard for rendering judgment as a matter of
law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a
whole could not lead a rational trier of fact to find for the
non-moving party, there is no genuine issue for trial.
<u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Boeing Co. v. Shipman</u>, 411
F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the
standard to be applied in determining whether the court should
enter judgment on motions for directed verdict or for judgment
notwithstanding the verdict).

V.

## Analysis

A.   Claims Against Milligan

Qualified immunity insulates a government official from
civil damages liability when the official's actions do not
"violate clearly established statutory or constitutional rights
of which a reasonable person would have known."  Harlow v.
Fitzgerald, 457 U.S. 800, 818 (1982).  For a right to be "clearly
established," the right's contours must be "sufficiently clear
that a reasonable official would understand that what he is doing
violates that right."  Anderson v. Creighton, 483 U.S. 635, 640
(1987).  Individual liability thus turns on the objective legal
reasonableness of the defendant's actions assessed in light of
clearly established law at the time.  Hunter v. Bryant, 502 U.S.
224, 228 (1991); Anderson, 483 U.S. at 639-40.

Milligan contends he is entitled to qualified immunity as to
plaintiff's claims against him for use of excessive force.
However, the court concludes there are genuine issues of material
fact as to whether Milligan acted in an objectively reasonable
manner that preclude summary judgment on the grounds of qualified
immunity.

7

B.   Claims Against City

    1.   TTCA

    City, as a governmental entity, is immune from liability
unless a constitutional or statutory provision clearly and
unambiguously waives such immunity.  Wichita Falls State Hosp. v.
Taylor, 106 S.W.3d 692, 694 n.3, 696 (Tex. 2003).  Pertinent
here, the TTCA waives immunity for "personal injury and death so
caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law."  Tex.
Civ. Prac. & Rem. Code § 101.021(2).

    For immunity to be waived under § 101.021(2), any personal
injury "must be proximately caused by the condition or use of
tangible  property."  Dallas Cnty. Mental Health & Mental
Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998).  The
Texas Supreme Court has cautioned, however, that "causation is
more than mere involvement."  Id.  Proximate cause instead
requires some nexus between the condition of the property and the
plaintiff's injury.  Id. at 342-43; see also Dallas Cnty. v.
Posey, 290 S.W.3d 869, 872 (Tex. 2009) (per curiam).  For the
TTCA waiver to apply, the condition of the property must actually
have caused the injury.  Posey, 290 S.W.3d at 872.

    To establish proximate cause thus requires the plaintiff to

demonstrate a close causal relationship between the condition or use of property and the resulting injury. <u>Tex. Dep't of Mental Health & Mental Retardation v. Lee</u>, 38 S.W.3d 862, 867 (Tex. App.--Fort Worth 2001, pet. denied) (comparing cases). Property that does no more than "furnish the condition that makes the injury possible" does not "cause" injury as contemplated by the TTCA. <u>Bossley</u>, 968 S.W.2d at 343.

The basis of plaintiff's TTCA claim is that Milligan had handcuffed plaintiff's hands behind her back, with the consequence that when he took her to the ground face-first, she was unable to brace herself with her hands. In plaintiff's view, having her hands cuffed behind her back was a "substantial factor" in causing her injuries, so that the handcuffs were the "cause-in-fact of [plaintiff's] face hitting the ground and causing injury." Pl.'s Resp. at 7. Thus, plaintiff contends that the handcuffs proximately caused her injuries.

The cases relied on by plaintiff do not support her argument. For example, plaintiff cites to <u>City of Fort Worth v. Chattha</u>, No. 02-11-00342-CV, 2012 WL 503223 (Tex. App.--Fort Worth, Feb. 16, 2012, no pet.) (per curiam), where a police officer attempted to arrest the plaintiff as he stood beside his car on the side of the road. The officer placed a handcuff on one of the plaintiff's wrists. <u>Id.</u> at *1. When the officer

attempted to cuff the other wrist, he claimed the plaintiff resisted, so the officer took him to the ground to complete the arrest process. Id. The court found that the manner of the takedown was disputed:  the officer either used the cuff to swing the plaintiff to the ground, or he held onto the cuff while he took plaintiff to the ground. Id. at *4.  The court thus found a fact issue existed regarding whether the officer "used" personal property--the handcuffs--consistent with the TTCA waiver.

Plaintiff here does not allege that Milligan used the handcuffs to swing her to the ground, or that he held onto the handcuffs while taking her to the ground.  Nor would either allegation be supported by the video evidence provided by plaintiff.  Unlike Chattha, the handcuffs here played no role in Milligan taking plaintiff to the ground.

Plaintiff's reliance on Overton Memorial Hospital v. McGuire, 518 S.W.2d 528 (Tex. 1975) (per curiam), is similarly misplaced.  In that case, the court held immunity was waived under § 101.021(2) when a plaintiff was injured by falling out of a hospital bed that was not equipped with side rails.  Id. at 529.  The Texas Supreme Court later distinguished McGuire on the basis that the injury there was "immediate and directly related to the absence of restraints on the side of the bed." Bossley, 968 S.W.2d at 343.

10

In contrast, Milligan handcuffed plaintiff while she was
still at a bar, transported her to the jail, and was escorting
her into the jail, when she spit on Milligan and he took her to
the ground.  The handcuffs sat benignly on plaintiff's wrists
through all of the foregoing.  Had the spitting/taking plaintiff
to the ground incident not occurred, there is no reason to
suspect that any injury would have befallen plaintiff as a result
of her being placed in handcuffs.  Hence, no argument can be made
that her injuries were "immediately and directly related" to the
handcuffs.

The circumstances in this action are more similar to those
considered by the Texas Supreme Court in Bossley and Posey.  For
example, the court in Posey found no nexus between exposed wires
on a telephone in a prison cell and the suicide of a prisoner who
created a ligature using the telephone cord and the exposed
wires.  290 S.W.3d at 872.  Similarly, the Bossley court found no
nexus between unlocked doors that permitted a patient to escape
and the patient's suicide, after his escape through the unlocked
doors, by leaping in front of a truck.  968 S.W.2d at 343.  In
those cases, the property in question did no more than furnish
the condition that made the injury possible.  In the same way,
the handcuffs here, at most, may have helped furnish a condition
that made the injury possible.  More is required to establish a

11

waiver of City's immunity under the TTCA.

    2.  <u>Malicious Prosecution</u>

The amended complaint appears to assert a claim of malicious prosecution against City pursuant to 42 U.S.C. § 1983 by alleging that City violated plaintiff's "4th and 14th Amendment Rights under the United States Constitution." Am. Compl. at 5. City argues that whether this claim is asserted as a constitutional violation or as a state law claim, it is entitled to judgment as a matter of law. The court agrees.

It is well-settled that a municipality such as City cannot be held liable for the acts of its employees solely on a theory of <u>respondeat superior</u>. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978). Liability may be imposed against a municipality under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." <u>Connick v. Thompson</u>, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) (quoting <u>Monell</u>, 436 U.S. at 692) (internal quotation marks omitted).

To hold City liable under § 1983 requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." <u>Spiller v. City of Texas City, Police Dept.</u>, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). "Official

municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." <u>Connick</u>, 131 S. Ct. at 1359. Liability against local government defendants pursuant to § 1983 thus requires proof of a policymaker, an official policy, and a violation of plaintiff's constitutional rights whose "moving force" is the policy or custom. <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001).

No allegation is made in the amended complaint of any policymaker or official policy that was the "moving force" behind the alleged malicious prosecution.[4] Nor does plaintiff's response even address or respond to this argument. The court finds that, absent any showing of an official policy or custom of City, judgment for City is warranted on plaintiff's malicious prosecution claim under § 1983.

City also argues for dismissal of this claim on the grounds that malicious prosecution is not a freestanding constitutional violation under § 1983, and plaintiff has failed to allege facts to support a deprivation of civil rights under the Fourteenth

---

[4]The only mention of a "policy" in the amended complaint or plaintiff's summary judgment response is that City's police department has in place General Orders pertaining to the use of "deadly force," and Milligan failed to abide by such policies in his actions towards plaintiff.

Amendment.  <u>See</u> <u>Castellano v. Fragozo</u>, 352 F.3d 939, 945 (5th

Cir. 2003) (en banc).  While this argument appears meritorious,

no resolution of it is needed, in light of the court's dismissal

of the malicious prosecution claim.

Summary judgment is also warranted to the extent plaintiff

is attempting to assert a malicious prosecution claim under state

law.  Malicious prosecution is an intentional tort under Texas

law.  <u>City of Hempstead v. Kmiec</u>, 902 S.W.2d 118, 122 (Tex. App.

--Houston [1st Dist.] 1995, no writ).  The TTCA expressly

preserves municipalities' immunity to claims for intentional

torts.  Tex. Civ. Prac. & Rem. Code § 101.057(2).  Hence, City

has not waived its immunity, and any state law claim of malicious

prosecution is barred.

VI.

<u>Order</u>

Therefore,

The court ORDERS that defendants' motion for summary

judgment: (i) be, and is hereby, denied as to plaintiff's claims

against Milligan, and (ii) be, and is hereby, granted as to

plaintiff's claims against City.

The court further ORDERS that all of plaintiff's claims and

causes of action against City be, and are hereby, dismissed with

prejudice.

14

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED May 21, 2014.

JOHN McBRYDE
United States District Judge